UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-



ANTHONY D. AMAKER, GRACE AMAKER,
SHAHEEN AMAKER, PHYLLIS AMAKER,
BOOKER AMAKER, SHANIEV AH AMAKER,
DELORIS AMAKER, LISSETTE AMAKER,
BATISE AMAKER, AND ALL THOSE
SIMILARLY SITUATED,

Plaintiffs,

DECISION AND ORDER
09-CV-0396A(Sr)

-v-

COMM. G. S. GOORD, L. J. LECLAIRE, DR. L. N. WRIGHT,
SUPT. J. CONWAY, SUPT. G. GREENE, SUPT. M. MCGINNIS,
DEP. SUPT. J. CHAPPIUS, C.O. W. HUFFER, SGT. K. HENDRY,
C.O. J. RANDO, C.O. W. ROGOZA, C.O. GILBERT, C.O. AYERS,
C.O. PIERSON, CHO HARVEY, B. HARDER, R. BRANDT,
SGT. P. GAVIGAN, ZIMMERMAN, J. WHITEFORD,
DEPT. SUPT. R. JAMES, L. VOUGH, D SELSKY,
L. MCNAMARA, K. WASHBURN, PARIBELLA,
SEYMORE, DHIER, J. JUDASZ, SCHUCK, W. HAYS,
J. MOOTZ, S. DOLCE, C. J. MARTINEZ, R. CHISTENSEN,
and KOLOWSKI,

Defendants.

## INTRODUCTION

Plaintiff, Anthony Amaker, who is currently incarcerated at the Southport Correctional Facility,[1] initially brought this action under 42 U.S.C. § 1983 on behalf of himself and various family members, in the United States District Court for the Southern District of New York. He alleges, *inter alia*, excessive force and denial of adequate medical treatment on October 6 and October 20, 2004, while at the Great Meadow Correctional Facility (Docket No. 7, Part 1, Complaint, ¶¶ 6-7); retaliation, in the form of the filing of a

---

[1] He was incarcerated at Shawangunk when he filed this action.

false misbehavior report arising out of the October 6, 2004 assault and use of excessive force, which also is somehow alleged to be related to some unspecified United States Department of Labor complaint or report (*ibid.*); a denial of due process during the Superintendent's Hearing held in relation to the assault of October 6, 2004 and resulting misbehavior report (*id.*, ¶¶ 9-10); religious and racial discrimination relating to the denial of eight days of Ramadan meals at the Attica Correctional Facility and three days of Ramadan meals upon his transfer to Southport (*id.*, ¶ 10); excessive force on or about November 13, 2004, and the denial of adequate medical care at the Southport Correctional Facility for the period of January through September 16, 2005 (*id.*, ¶¶ 11-12); interference with Anthony Amaker's ability to receive documents relating to a state court petition (*id.*, ¶ 13); and a myriad First Amendment violations relating to the removal of names of Anthony Amaker's family members, who are also Plaintiffs here, from his approved call list, which has caused him and his family members a great deal of stress and emotional damage because many of his family members had been forced to travel long distances to see him, some of whom cannot travel easily, and their inability to visit has resulted in defendants and others subjecting Anthony Amaker to, or targeting him for, racial oppression and gang assaults (*id.*, ¶ 18). Plaintiffs also allege that defendants Nuttal, Goord and LeClaire have conspired with MCI/Verizon to charge Anthony Amaker or his family members "outlandish" fees and he thus was unable to communicate with his family members.[2] (*Id.*) Suffice to say, the Complaint is not a model of clarity and is, for the most

---

[2]The Court notes some inconsistency with respect to Anthony Amaker's claim that his family members were removed from his phone list and his inability to communicate with his family members because of outlandish telephone charges.

2

part, difficult to understand as to what allegedly occurred, when and where it occurred, and which defendants are alleged to have performed the acts claimed to be constitutional deprivations.

## **DISCUSSION**

Prior to transferring the action to this Court on the basis that a substantial part of the events or omissions giving rise to the claims occurred at the Attica, Southport and Great Meadow Correctional Facilities, two of which are located within this District, the Southern District ordered **each** Plaintiff to submit a Complaint with original signatures,[3] a separate Application to Proceed *In Forma Pauperis* ("IFP Application"), and a Prison Authorization Form for each Plaintiff currently incarcerated. (Docket No. 7, Part 7, Transfer Order at 1-2; Docket No. 7, Part 3, 30 Day Order). That Court had ordered each Plaintiff to sign a copy of the signature page of the Complaint. (Docket No. 11). At the time of transfer of this action, only one Plaintiff had submitted an IFP Application and Prison Authorization Form, Anthony Amaker, and the Court had received back from Plaintiffs the signature page of the Complaint[4] which contained what appeared to be original signatures of all but two of the Plaintiffs, Shaniev Amaker and Lissette Amaker. (Docket No. 7, Part 7, Transfer Order,

---

[3] *See* Fed.R.Civ.P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record ... or, if the party is not represented by an attorney, shall be signed by the party.") *See also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998) (A non-attorney *pro se* party may not represent another's interests.) (citation omitted).

[4] At the time of receipt of the file from the Southern District the signature page had not been docketed but it has now been docketed.

3

at 2).[5] The Southern District left to this Court the determination of whether Plaintiffs should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Following the transfer of this action, Plaintiff Anthony Amaker filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction, and Declaration in Support.[6] (Docket Nos. 8-9). For the following reasons, each Plaintiff, other than Anthony Amaker, will be provided one last opportunity to submit an IFP Application, as previously ordered by the Southern District, and Anthony Amaker's Motion for a TRO and Preliminary Injunction is denied without prejudice.

### A. *In Forma Pauperis* Applications

#### 1. Anthony Amaker

Because Anthony Amaker has submitted an IFP Application and a Prison Authorization (Docket No. 7, Part 5), and has met the statutory requirements, he is granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).[7]

---

[5] The Transfer Order notes that the Complaint (Docket No. 7, Part 2) was received on October 7, 2008, and that at the time the Complaint was submitted it already bore a stamped date of July 3, 2007, "from a Pro Se Office." (Docket No. 7, Part 7, Transfer Order, at 1, n.1). The Transfer Order also notes that a letter submitted by Anthony Amaker alleges that he had previously "attempted to submit the Complaint through his mother's lawyer, but it had been returned to him for lack of original signatures." The Southern District had no record of having received previously the Complaint on July 3, 2007. (*Id.*) In a letter later submitted by Anthony Amaker, wherein he requested an extension of time to comply with the Southern District's 30 Day Order (Docket No. 7, Part 3), he alleges that the signatures on the complaint were the original signatures "on the "original submitted Complaint back in October 2007, " but that, as directed by the Court, he had mailed the signature page of the Complaint to Florida to be signed by the other Plaintiffs again. He claims that the Complaint's signature page was previously signed by the Plaintiffs when he submitted the Complaint originally back in 2007.

[6] Anthony Amaker notes that he first filed this Motion with the Southern District but upon notification of the transfer of this action here, he re-submitted the Motion to this Court and that the Memorandum of Law originally submitted with the Motion in the Southern District will be forwarded to this Court upon its receipt from the Southern District.

[7] Following receipt of the remaining IFP Applications, the Court will review or "screen" the Complaint pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A.

4

### 2. Other Plaintiffs

As noted, the Southern District's initial 30 Day Order, filed February 23 and entered February 26, 2009, directed each Plaintiff to file IFP Applications and, if any of the Plaintiffs were currently incarcerated, a Prison Authorization Form, pursuant to 28 U.S.C. § 1915(b), within 30 days of the Order. (Docket No. 7, Part 2, 30 Day Order, at 1). Plaintiff Anthony Amaker is the only Plaintiff who submitted an IFP application and Prison Authorization Form prior to the transfer of this action. He also submitted a letter to the Southern District, filed March 16, 2009, asking for an extension of time until April 8, 2009, to submit the other Plaintiffs' original signatures. The letter is ambiguous, however, as to whether he was requesting, on behalf of the other Plaintiffs, an extension of time to submit their IFP Applications as ordered by the Southern District. (Docket No. 7, Part 3). The letter notes that he is "currently enclosing the requested In Forma Pauperis [Application] and prison authorization form. I will need to know whether Shaheem Amaker [who is currently incarcerated in New Jersey] must fill one out, and I am mailing out a form to [Plaintiff] Grace D. Amaker to provide him with and fill out." (*Id.*, at 2-3).

It appears that Anthony Amaker may have believed that IFP applications were required only for the other Plaintiffs who are prisoners. That is not the case, however. The Southern District granted the request for an extension of time for each Plaintiff to comply with its 30 Day Order. Thereafter, the action was transferred to this Court on April 23, 2009, "[d]espite plaintiff Anthony Amaker's omissions," which presumably refers to the failure to submit separate IFP Applications for each Plaintiff, and Prison Authorization Forms for each Plaintiff currently incarcerated. (Docket No. 7, Part 7, Transfer Order, at 2). To date, no Plaintiff, other than Anthony Amaker, has submitted an IFP application.

5

This Court finds, as did the Southern District, that each Plaintiff, prisoner or not, must file an IFP application. Accordingly, before this case can proceed as to any Plaintiff other than Anthony Amaker, each Plaintiff must, as ordered by the Southern District, submit by **July 15, 2009**, a separate Application to Proceed In Forma Pauperis, and, for each Plaintiff who is a "prisoner," see 28 U.S.C. § 1915(h), a separate Prison Authorization form. Stated another way, and as previously ordered by the Southern District, "[s]hould [each] plaintiff[] decide to proceed with this action, they must submit . . . [a] separate IFP application[] and a Prisoner Authorization form for each plaintiff who is incarcerated . . . ."[8] (Docket No. 7, Part 2, 30 Day Order, at 1-2).

The Clerk of the Court shall forward to each Plaintiff an Application to Proceed In Forma Pauperis and Prison Authorization Form. The Prisoner Authorization Form needs to be submitted by only those Plaintiffs who are also prisoners, but **each** Plaintiff **must** submit their own IFP Application. A Plaintiff's failure to submit an IFP Application and, if a prisoner, a Prison Authorization Form, by **July 15, 2009**, will result in the dismissal of this action as to him or her without prejudice and without further order or notice from the Court.

---

[8] 28 U.S.C. § 1915(a)(2) and (b)(1) requires a "prisoner" to file an IFP application and copy of his inmate account statement (Prisoner Authorization Form), and to pay the filing fee. Therefore, as directed by the Southern District, each prisoner plaintiff herein must file a separate IFP Application and Prison Authorization form. *Compare Boribourne v. Berge*, 391 F.3d 852 (7th Cir. 2004) (multiple prisoner plaintiffs may join claims in a single action but each must file a separate IFP Application and pay filing fee pursuant to § 1915(b)), *with Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001) (mandatory provision of § 1915(b) disallows the filing of a single action by multiple prisoner plaintiffs). *See also Purifoy v. Kelley*, (NO. CIV 08-CV-581-DRH, 2009 WL 535947 (S.D.Ill., March 04, 2009) (If plaintiffs, each "prisoners" as defined in § 1915(h), seek to proceed *in forma pauperis*, each must file a separate motion, accompanied by a certified copy of his prison trust fund account statement), *Madden v. Jackson*, No. 5:08CV00090 SWW/BD, 2008 WL 1930517, at *2 (one of the prisoner/plaintiffs failed to file a separate application to proceed IFP as required by § 1915(b)(1)); *Horton v. Evercom Inc.*, NO. 07-3183-SAC; 2008 WL 45738 (D.Kan., January 02, 2008) ("Courts examining the impact of multiple plaintiffs on this statutory requirement have decided that prisoner plaintiffs may not undermine this statutory obligation by joining in the filing of a single action, and have held that each prisoner plaintiff must pay the full district court filing fee."); *cf. Sisneroz v. Ahlin*, No. 1:08-cv-01358-SMS PC, 2009 WL 224899 (E.D.Cal., 2009) (plaintiffs, civil detainees, are not "prisoners" under § 1915(h), and each filed separate applications to proceed *in forma pauperis*.)

If any of the Plaintiffs have not complied with this order by **July 15, 2009**, the Clerk of the Court is directed to dismiss them as a party to this action without prejudice, without further order.

There is an additional matter to be addressed with regard to the family member Plaintiffs. It is evident to the Court that Anthony Amaker has prepared the initial pleadings and other papers in this action and is directing this litigation on behalf of all of the Plaintiffs. For example, the recently submitted Motion for a TRO and Preliminary Injunction is signed only by him and he is the only one to submit a Declaration in support of the Motion. While there is no "rule" that prohibits one *pro se* plaintiff from directing litigation brought by himself and others, it is clear that one *pro se* litigant **cannot** appear on another person's behalf. This seems to be what Anthony Amaker is attempting to do here. Each Plaintiff must therefore understand, and is hereby placed on notice, that by signing the signature page of the Complaint and filing an IFP Application each is acknowledging that (1) they have agree to proceed as a Plaintiff in this matter *pro se*, (2) they must represent and appear on behalf of themselves in this matter, and (3) Anthony Amaker cannot act as their attorney or on their behalf in this matter. *See* Fed.R.Civ.P. 11;[9] *see, e.g., Iannaccone*, 142

---

[9] **Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

> **(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--*or by a party personally if the party is unrepresented.* . . .
>
> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

F.3d at 558 (A non-attorney *pro se* party may not represent another's interest). Each Plaintiff must be aware of his or her obligations under Fed.R.Civ.P. 11 to sign each

---

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> **(c) Sanctions.**
>
> **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or *party* that violated the rule or is responsible for the violation. . . .
>
> **(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
>
> **(3) On the Court's Initiative.** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> **(4) Nature of a Sanction.** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> **(5) Limitations on Monetary Sanctions.** The court must not impose a monetary sanction:
>
> (A) against a represented party for violating Rule 11(b)(2); or
>
> (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
>
> \*\*\*

(Emphasis in italics supplied).

pleading and paper submitted to the Court and to appear on behalf of themselves in this action.

## B. Anthony Amaker's Motion for a Temporary Restraining Order and Preliminary Injunction

Plaintiff Anthony Amaker's Motion for a TRO and Preliminary Injunction seeks

> [A]n order pursuant to [Fed.R.Civ.P.] 57, 65(a)(1)(2), (b), (d); Title 28 U.S.C. §§ 2201; 2202; the Religious Land Use & Institutionalized Person Act of 2000, Title 42 U.S.C. § 2000cc; United States Constitution Article I, § 8, Cl. 3; Article I, § 8, cl. 8; Article VI, § 2; The Second Chance Act, Title 42 U.S.C. 17501 . . . to prevent destruction and confiscat[ion] mail, drawings, illustration, legal documents through the mail and disrupting commerce and the free exercise of religion practice, financial business and publishing of Afrocentric books based on content and viewpoint discrimination.

(Docket No. 9, Declaration in Support, at 1-2).

The Court notes initially that the TRO and Preliminary Injunction is sought against a number of DOCS supervisory officials who are not named as defendants in this matter --Fischer, Napoli, Bartlett, Bezio and Covent [sic]-- but are claimed to be "successors" to some of the supervisory officials that are named in the Complaint--*e.g.*, Goord, McGinnis, McNamara, Selsky, and Chappius.[10] The injunction is sought against at least two supervisory officials who are named in the Complaint--LeClaire and Washburn.

First, this Court finds that Anthony Amaker has not established the criteria for the granting of a TRO and Preliminary Injunction, see Fed.R.Civ.P. 65(b); *Abdul_Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985), *Paulsen v. County of Nassau*, 925 F. 2d. 65, 68 (2d Cir. 1991), because he has not established, among other things, a likelihood of

---

[10]While Fed.R.Civ.P. 25(d) provides that a public officer who is a party in an official capacity who ceases to hold public officer is automatically substituted as a party by his successor, the defendants herein are not sued solely in their official capacity.

9

success on the merits. Moreover, the Motion seeks relief from what appear to be allegations of the withholding of mail privileges among Anthony Amaker and Grace Amaker and censorship relating to the publication and sale of children's books that Anthony Amaker writes and his mother, Grace Amaker, illustrates. These allegations are not in any way connected to the allegations set forth in the Complaint.

The Complaint, as summarized above, see Introduction, *supra*, at 1-2, alleges a number of acts and constitutional violations including excessive force and assault, denial of medical care, a denial of due process, religious and racial discrimination, and a conspiracy among a number of defendants and MCI/Verizon to remove Anthony Amaker's family members from his approved phone call list and to charge exorbitant fees. To the extent the Complaint may implicate mail privileges at all, it is with regard to Anthony Amaker's receipt of documents relating to a state court petition. The Complaint does not allege that mail privileges were withheld so as to censor or obstruct Anthony Amaker's ability to write and publish children's books, which is the gravaman of the Motion for a TRO and Preliminary Injunction. The Complaint's allegations of First Amendment violations are pleaded in terms of retaliation against Anthony Amaker, not in terms of some restraint on his mail in order to foreclose his attempts to publish children's books. Accordingly, the Motion for a TRO and Preliminary Injunction (Docket No. 8) is denied without prejudice.

If Plaintiffs wish to pursue the relief set forth in the Motion for a TRO and Preliminary Injunction they may file an amended or supplemental Complaint pursuant to Fed.R.Civ.P. 15(a) and (d), which includes the allegations and claims for relief set forth in the Motion.

## ORDER

IT IS HEREBY ORDERED that **each Plaintiff,** other than Anthony Amaker, must submit an Application to Proceed *In Forma Pauperis* and, if a prisoner, a Prison Authorization, by **July 15, 2009**;

FURTHER, that if any Plaintiff, other than Anthony Amaker does not submit to the Court by **July 15, 2009**, an Application to Proceed *In Forma Pauperis* and, if a prisoner, a Prison Authorization Form, the Clerk of the Court is directed to dismiss them as a party to this action without prejudice and without further order or notice;

FURTHER, that Plaintiff Anthony Amaker is granted permission to proceed *in forma pauperis*; and

FURTHER, that Plaintiff Anthony Amaker's Motion for a TRO and Preliminary Injunction (Docket No. 8) is DENIED, without prejudice.

SO ORDERED.

Dated: June 2, 2009
Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

11