-PS-O-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ANTHONY AMAKER, et al.,**

                **Plaintiffs,**

        **-v-**                                           **09-CV-0396A(Sr)**

**COMM. G.S. GOORD, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

This matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A)-(C), for all pretrial matters and to hear and report upon dispositive motions for consideration of the district judge.  (Docket No. 23.)

The Court had previously directed the Clerk of the Court to cause the United States Marshals Service to serve the Summons and Amended Complaint upon the defendants, *see* 28 U.S.C. § 1915(d) and Fed.R.Civ.P. 4(c)(3) (Docket No. 32), and summons were issued for the defendants named in the Amended Complaint.  The Court thereafter requested the assistance of the New York State Attorney General's Buffalo Regional Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), to ascertain addresses of some of the defendants that had not filed an Acknowledgment of Receipt of Service by Mail pursuant to N.Y.C.P.L.R., § 312-a(b).  (Docket No. 33.)  After the Attorney General Office's response, a further order was

issued amending the caption and again directing service on certain defendants by the Marshals Service. (Docket No. 49.)

To date, a number of defendants have not returned Acknowledgments of Receipt of Service by Mail, *see* N.Y.C.P.L.R., § 312-a, nor appeared in this action, and thus remain "unserved"[1]--Supt. McGinnis, C.O. Huffer, Sgt. P. Gavigan, L. McNamara, Paribella, C.J. Martinez, R. Christensen, and S. Christensen.[2] The Court has also learned that the New York State Department of Corrections and Community Supervision cannot identify defendants Paribella and C.J. Martinez as persons who were ever employed by DOCCS or its predecessor agency, New York State Department of Correctional Services. Accordingly,

IT IS HEREBY ORDERED that the New York State Department of Corrections and Community Service and the New York State Attorney General's Office shall ascertain the last known addresses of C.O. Huffer, Supt. McGinnis, Sgt. P. Gavigan, L. McNamara, R. Christensen and/or S. Christensen and provide said addresses *in camera* to the Court's Pro Se Office on or before **October 26, 2012**. Upon receipt of said addresses, the Court will direct that summonses be re-issued and the Marshals Service again serve these defendants;

---

[1] Pursuant to N.Y.C.P.L.R., § 312-a(b), service is not complete until the defendant returns the Acknowledgment of Receipt of Service by Mail.

[2] The Court does not know if "S." and "R." Christensen are the same or different individuals. Plaintiffs need to respond to this Order and clarify that for the Court and defendants.

FURTHER, that the Court directs plaintiffs by that same date to advise the Court if the individuals identified in the Amended Complaint as Paribela and C.J. Martinez have been misidentified inasmuch as DOCCS has no records of individuals with those names being employed by it.  If plaintiffs cannot identify these two defendants correctly they will be dismissed as defendants to this action.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
              **September 20, 2012**

                                           *s/ H. Kenneth Schroeder, Jr.*
                                           **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**